# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0698** (Marshall County 15-F-59 and 15-F-60)

**Michael Bowman,**
**Defendant Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Bowman, by counsel Matthew Brummond, appeals the Circuit Court of Marshall County's July 20, 2017, order sentencing him following his conviction of various sex crimes. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner asserts that the circuit court erred in failing to declare a mistrial following the State's dismissal of certain charges midway through trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 10, 2015, the Marshall County Grand Jury returned two indictments charging petitioner with committing various sex crimes. The indictment in case number 15-F-59 charged petitioner with four counts of sexual abuse by a parent, guardian, custodian or person in a position of trust; two counts of first-degree sexual abuse; two counts of first-degree sexual assault; and one count of child abuse resulting in bodily injury by a parent, guardian or custodian. These charges identified E.W. as the victim. In a second indictment, case number 15-F-60, where the victim was identified as H.S., petitioner was charged with three counts of first-degree sexual abuse and one count of second-degree sexual assault.

On June 3, 2016, the circuit court consolidated the two cases for trial, and trial began on May 19, 2017. During trial, one of the investigating officers, Trooper Bryan Gaus, was called to testify. Sensing that Trooper Gaus's testimony was veering toward allegations that occurred in another county, petitioner's counsel objected, and both parties approached the bench to discuss the anticipated testimony. Petitioner's counsel argued that evidence concerning any crimes that took place outside of the county was inadmissible under Rule 404(b) of the West Virginia Rules

1

of Evidence.[1] Specifically, petitioner's counsel sought to limit testimony concerning an act of sexual intercourse alleged between petitioner and E.W. as well as an instance where petitioner placed his penis on E.W.'s hand. The circuit court found that the evidence did not constitute Rule 404(b) evidence, but, instead, was intrinsic to the offenses charged:

> Here, these allegations involve the same alleged victim, the same alleged [d]efendant. I went back and looked at the indictments, and it appears to be very close temporally, in the same time period, and essentially the same alleged acts that are part and parcel of the counts of the indictment regarding [E.W.] in this case.

Accordingly, the court found the evidence admissible as intrinsic, res gestae evidence.

> Shortly thereafter, the State informed the court, outside the presence of the jury, that,

> [a]fter more contact with all of our witnesses, including the victim, I don't think that the State can go forward in good faith with Counts Two and Four [and Six and Eight] based upon the jurisdictional element. . . . They very well may have happened in Marshall County, but knowing that I cannot – at one point we thought certain witnesses were going to tie that – those incidents into Marshall County with photographs and so forth, and maybe that's true. Maybe I'm being premature here and I should have let the jury decide, but I just think in good faith that – [.]

> The State clarified its intent to dismiss four counts: two sexual abuse by a parent, guardian or custodian charges; one first-degree sexual abuse charge; and one first-degree sexual assault charge. These charges covered two separate incidents. The first incident was alleged to have occurred by petitioner placing his penis between E.W.'s legs and buttocks. The second incident was alleged to have occurred by petitioner placing his penis into E.W.'s vagina.

> Petitioner argued for a mistrial claiming that the jury was tainted by the State's opening statement, which included references to the now dismissed counts. The trial court, however, was not persuaded by petitioner's claims of prejudice. The court stated,

> I mean, honestly, that happens all the time in courtrooms across the country. As the trial develops, the State – the evidence doesn't come in as they expect and the case doesn't go as they expect and counts get[] dismissed or the jury just simply finds the [d]efendant not guilty, which has happened right here in this courtroom when the State hasn't met its burden with regard to those counts. They hear about it in opening, but then by the time the trial's over, they haven't heard the evidence to support it. That's just – that's just the way trial works.

---

[1]Rule 404(b) prohibits the introduction of "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Nonetheless, petitioner's objections continued:

> To prevent me from being able to cross-examine these witnesses that you allege this, you went to law enforcement and then it made it up through the channels to prosecution, through the grand jury, through trial, and now you've backed off or you've changed your version to some extent that warranted dismissal, it undermines our entire defense. That is our defense to probably each and every one of these counts.

The court responded that "the prosecution's decision as to whether or not in their opinion the case can be supported by the evidence as it has developed and it has come in, that decision is irrelevant to the victims." The court declined to grant a mistrial, and petitioner's trial continued.

At the conclusion of trial, with respect to the remaining charges concerning E.W., the jury found petitioner guilty of one count each of sexual abuse by a custodian, first-degree sexual abuse, and first-degree sexual assault. The jury acquitted petitioner of one count of sexual abuse by a custodian and the count of child abuse resulting in bodily injury. With respect to the charges concerning H.S., the jury found petitioner guilty of two counts of first-degree sexual abuse and acquitted him of the remaining first-degree sexual abuse and second-degree sexual assault counts.

On July 5, 2017, the parties appeared for sentencing. The court sentenced petitioner to consecutive terms of incarceration that resulted in an effective sentence of not less than twenty-eight nor more than seventy years. The court's sentence was memorialized in its July 20, 2017, "Sentencing Order." It is from this order that petitioner appeals.

Petitioner's lone assignment of error on appeal is that the circuit court should have declared a mistrial when the State dismissed the counts "midway through its case[.]" Petitioner asserts that the untimely dismissal "fundamentally changed the nature of [the State's] case and unfairly undermined [his] theory of defense." Specifically, petitioner contends that he "prepared to refute a rape case[,]" and that a "critical component of his intended defense was (very) justified incredulity concerning E.W.'s accusation he vaginally raped her when she was such a young child without anyone noting or reporting injuries." Petitioner claims that the State's dismissal of those charges transformed the case to one "concerning acts unlikely to leave overt signs of abuse." Petitioner also claims that, by dismissing the counts, the allegations of rape became res gestae evidence that witnesses could discuss "in general terms . . . without exposing details upon which [p]etitioner could cross-examine."[2] Further, "[p]etitioner could not fully explore his theory of defense because doing so would require him, rather than the State, to introduce the details of the most heinous of E.W.'s accusations." Finally, a mistrial was necessary because "the court could not grant a continuance for [p]etitioner to work out a replacement theory of defense[.]"

We have previously held that "[t]he decision to declare a mistrial, discharge the jury and order a new trial in a criminal case is a matter within the sound discretion of the trial court."

---

[2]Petitioner does not argue that the circuit court erred in admitting this evidence as res gestae.

*State v. Williams*, 172 W.Va. 295, 304, 305 S.E.2d 251, 260 (1983) (citation omitted). However, trial courts are authorized to exercise this discretion "only when there is a 'manifest necessity' for discharging the jury before it has rendered its verdict." *Id.* (citation omitted). "This power of the trial court must be exercised wisely; absent the existence of manifest necessity, a trial court's discharge of the jury without rendering a verdict has the effect of an acquittal of the accused and gives rise to a plea of double jeopardy." *Id.* (citation omitted).

We find no error in the circuit court's refusal to declare a mistrial following the State's dismissal of charges it believed it could no longer prove. Petitioner's primary argument in support of his claim is that the nature of the case changed, and that he was hamstrung in arguing the "incredulity" of E.W.'s claims of vaginal rape. The record simply does not support petitioner's argument. To the contrary, the record is replete with instances of petitioner's counsel inquiring into these claims, and culminates in counsel's closing argument summarizing petitioner's position on E.W.'s credibility thusly: "Folks, the notion that an adult male could engage in sexual intercourse with a baby, a toddler four and five years old is probably the most horrific thing that can ever be alleged. You don't think somebody would have saw [sic] that?" The circuit court, in considering petitioner's arguments regarding his ability to present his defense, noted, "the decision of the prosecutor is irrelevant to [E.W.'s] credibility[,]" and E.W. could be cross-examined on the events "ad infinitium." Indeed, the record reflects that E.W. was cross-examined extensively on these events, and petitioner's defense was argued to the jury in his closing argument. As such, we find no merit to petitioner's claim.

For the foregoing reasons, we affirm the circuit court's July 20, 2017, sentencing order.

Affirmed.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment